UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF LEROY HARP,<br><br>    Plaintiff,<br><br> v.<br><br>MARK NELSON ET AL.,<br><br>    Defendants. | CASE NO. 3:16-CV-05150-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: MAY 13, 2016 |

  Plaintiff Jeff Leroy Harp is presently confined at the Cowlitz County Jail. Dkt. 7. On March 10, 2016, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. Dkt. 5. Plaintiff filed his complaint the same day, Dkt. 6, and his amended complaint on March 28, 2016, Dkt. 7. The Court declined to serve the amended complaint because it was deficient. Dkt. 10. Instead, the Court ordered plaintiff to show cause, by the filing of an amended complaint, why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 10. Plaintiff has until May 15, 2016 to comply with the Court's Order. At this time no defendant has entered an appearance in this action.

REPORT AND RECOMMENDATION - 1

1    At the time he filed his amended complaint, plaintiff also filed a motion to expedite
injunctive relief and to produce documents, Dkt.8, which the Court interprets as a motion for
preliminary injunction. Although the basis for plaintiff's motion is not entirely clear, it appears
that plaintiff seeks a court order expediting the injunctive relief requested in his amended
complaint. *Id.*  It also appears that plaintiff requests a copy of his amended complaint. *Id.*

    The undersigned recommends that plaintiff's motion (Dkt. 8) be stricken from the
Court's docket at this time.  The Court does not reach the merits of plaintiff's motion. With
respect to plaintiff's request to produce documents, the Court directs the Clerk to send plaintiff a
copy of his amended complaint (Dkt. 7).

## DISCUSSION

    Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued
without notice to the opposing party.  A temporary restraining order may be granted under Rule
65(b), but only if:

> 1)  it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
>
> 2)  the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

    If plaintiff seeks relief from the Court, he must set forth his requests in a pleading or
motion and he must serve copies of all pleadings and motions on all defendants through their
counsel of record pursuant to Fed. R. Civ. P. 5(b)(1).  Pursuant to Fed. R. Civ. P. 5(d), plaintiff is
also required to attach and file a certificate of service stating that he has served all defendants
with the pleading and/or motion every time he files and serves a document.  Unless otherwise

REPORT AND RECOMMENDATION - 2

ordered by the Court, all motions will be decided without oral argument and parties are not to appear on the date the motion is noted unless directed. CR 7(b)(4).

Accordingly, the undersigned recommends that plaintiff's motion (Dkt. 8) be stricken from the Court's docket**.**  Plaintiff may file a motion for temporary restraining order and serve it on all defendants. Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). If plaintiff does re-file his motion, he must also file a certificate of service stating he has served all defendants, through their counsel, with the motion. The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.

**CONCLUSION**

The undersigned recommends that the plaintiff's motion (Dkt. 8) be stricken from the Court's docket. The Court does not reach the merits of plaintiff's motion. With respect to plaintiff's request to produce documents, the Court directs the Clerk to send plaintiff a copy of his amended complaint (Dkt. 7).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

1  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

2  Clerk is directed to set the matter for consideration on **May 13, 2016**, as noted in the caption.

3          Dated this 18th day of April, 2016.

                                                                     /s/ J. Richard Creatura
                                                                     J. Richard Creatura
                                                                     United States Magistrate Judge