UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF LEROY HARP,<br><br>Plaintiff,<br><br>v.<br><br>MARK NELSON et al.,<br><br>Defendants. | CASE NO. 3:16-CV-05150-BHS-JRC<br><br>ORDER TO FILE AMENDED COMPLAINT |

Plaintiff Jeff Leroy Harp is presently confined at the Cowlitz County Jail. Dkt. 7. On March 10, 2016, the Court granted plaintiff's application to proceed *in forma pauperis* (IFP). Dkt. 5. Plaintiff filed his complaint the same day, Dkt. 6, and his amended complaint on March 28, 2016, Dkt. 7. On April 15, 2016 the undersigned declined to serve plaintiff's amended complaint (Dkt. 7) because it was deficient. Dkt. 10. Instead, the Court ordered plaintiff to show cause, by the filing of a second amended complaint, why his amended complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 10. The Court gave plaintiff specific direction regarding the defects in his amended complaint. *See id.*

ORDER TO FILE AMENDED COMPLAINT - 1

1    At the time plaintiff filed his amended complaint, plaintiff also filed a motion to expedite
2 injunctive relief and to produce documents, Dkt.8, which the Court interpreted as a motion for
3 preliminary injunction. Dkt. 10. The undersigned recommended that plaintiff's motion for
4 preliminary injunction be stricken from the docket and did not reach the merits of plaintiff's
5 motion. Dkt. 11. With respect to plaintiff's request to produce documents, the Court directed the
6 Clerk to send plaintiff a copy of his amended complaint (Dkt. 7). Dkt. 11.

7    On April 20, 2016, the Court received a letter from plaintiff (Dkt. 12), however, that
8 letter does not comply with the Court's April 15, 2016 order, Dkt. 10. As of May 18, 2016, the
9 Court has not received a second amended complaint. At this time, no defendant has entered an
10 appearance in this action.

11    In plaintiff's April 20, 2016 letter, he alleges that he is being denied access to the courts
12 and that he cannot pursue the instant case. Dkt. 12 at 1. Plaintiff alleges that he has been denied
13 "everything to communicate with this civil suit." *Id.* Plaintiff alleges that he had to trade his
14 dinner meal in order to get an envelope to write his letter. *Id.* Plaintiff asks the Court to call the
15 Cowlitz County Jail and allow him resources. *Id.* at 2, 4. Plaintiff alleges that defendant
16 Ettermantrout, who is named in this suit, is threatening plaintiff and instructing plaintiff that he
17 cannot request anything else or he will suspend plaintiff's kiosk account. *Id.* Plaintiff also alleges
18 defendant Ettermantrout won't let plaintiff file his personal restraint petition and is only allowing
19 plaintiff the use of a LexisNexis database. *Id.*

20    It appears that plaintiff also alleges that he has not been able to serve defendants in the
21 instant cause of action. *See* Dkt. 12 at 1-3. Plaintiff alleges that he needs five copies of his
22 complaint and summons, a copy of the court rules, envelopes, and return envelopes. *Id.* at 3.
23 However, plaintiff is advised that because he is proceeding IFP in this case, he is not required to
24

serve the named defendants. Before the Court will direct service of plaintiff's complaint, under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will not authorize service of the second amended complaint unless plaintiff addresses the deficiencies in the Court's April 15, 2016 order.

Plaintiff's failure to comply with a Court order is grounds for dismissal of this action. Plaintiff's second amended complaint complying with the Court's April 15, 2016 order will be due on or before **June 22, 2016**. If a second amended complaint is not filed, which cures the defects previously noted, the Court will recommend dismissal of this action.

With respect to the allegations in plaintiff's letter regarding his access to the courts, the allegations are concerning to the Court. However, plaintiff is advised that the Court cannot consider a request for injunctive relief under Federal Rule of Civil Procedure 65 without an underlying complaint creating a cause of action before the Court. At this time, plaintiff's case is not properly before the Court, and none of his requests may be considered until he correctly submits a second amended complaint. Thus, by **June 22, 2016**, plaintiff must first file a second amended complaint, in compliance with the Court's April 15, 2016 order. Once plaintiff has filed his second amended complaint, he may then renew his motion for injunctive relief.

Plaintiff is also advised that any request he makes for a temporary restraining order or other injunctive relief must be (1) narrowly drawn (*see* 18 U.S.C. § 3626(a)(2) (the Prison Litigation Reform Act)), and (2) supported by specific facts demonstrating that plaintiff *will* suffer immediate, irreparable injury in the absence of intervention by the court. *See* Fed. R. Civ. P. 65(b)(1).

Based on the foregoing it is hereby ORDERED:

1     (1) Plaintiff shall submit a second amended complaint under 42 U.S.C. § 1983 by **June 22, 2016**.

2 (2) Plaintiff is given leave to amend his request for injunctive relief by **June 22, 2016**. Plaintiff's request for injunctive relief shall comply with Rule 65.

(3) The clerk is directed to send plaintiff a § 1983 complaint form.

Dated this 24th day of May, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge